UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
CITY CAPITAL NY, LLC,

                    Plaintiff,

            -against-                                   **MEMORANDUM AND ORDER**

LAT LONG INFRASTRUCTURE, LLC,              23-CV-2252 (OEM) (TAM)
LAT LONG INFRASTRUCTURE OF                (Not for Publication)
CALIFORNIA, LLC, and DANIEL
ROBERT URBAN,

                    Defendants.
------------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

      Before the Court is Plaintiff's motion for a turnover order, in which Plaintiff requests that the Court issue an order, pursuant to Fed. R. Civ. P. 69(a) and New York C.P.L.R. § 5225, directing and ordering Wells Fargo Bank, N.A. ("Wells Fargo") to turn over funds presently held by Wells Fargo in accounts belonging to Defendants. (Mot. for Turnover Order, ECF No. 59; Mem. of L. in Supp. of Plaintiff's Mot. for Turnover Order ("Pl.'s Mem."), ECF No. 60; Proposed Order, ECF No. 65.) For the reasons discussed below, Plaintiff's motion is granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

      This case was removed to federal court by Defendants on February 7, 2023. (Not. of Removal, ECF No 1.) The case was first initiated in the Superior Court of Connecticut and Plaintiff secured a prejudgment writ of attachment on Wells Fargo at the inception of this case, which secured the funds Plaintiff now seeks. (Pl.'s Mem., ECF No. 60, at 1 & n.1.) After Defendants ceased participating in the case, Plaintiff sought and received an entry of default against Defendants. (*See* Req. for Certificate of Default, ECF No. 48; Req. for Certificate of Default, ECF No. 49; Clerk's Entry of Default, ECF No. 50.) On January

23, 2025, a default judgment was entered against Defendants in the amount of $2,978,020.00. (Default J., ECF No. 58; *see also* Req. for Sum Certain Default J., ECF Nos. 52, 53, & 57.) Plaintiff filed its motion for a turnover order and supporting memorandum on February 2, 2025. (Mot. for Turnover Order, ECF No. 59; Pl.'s Mem., ECF No. 60.)

On August 8, 2025, Wells Fargo filed a response and partial objection to Plaintiff's motion, informing the Court that (1) Wells Fargo is "entitled as a matter of law to exercise its right of set-off in the amount of $187,559.06 with respect to the defendants' funds currently being held by Wells Fargo," and (2) "other judgment creditors of the defendants, including non-party Direct Business Funders, LLC, have also sought the funds in the defendants' accounts, which are currently being restrained and made demands upon Wells Fargo for same." (Wells Fargo Response, ECF No. 62, at 1.) As directed by the Court, Plaintiff filed a reply on August 12, 2025. (Reply, ECF No. 64.) In its reply, Plaintiff represented that it does not oppose Wells Fargo's "right of offset in the restrained funds" but that Plaintiff believes its writ of attachment is superior to any other competing claims on Defendants' funds. (*Id.*)

On August 13, 2025, the Court held a status conference to address Plaintiff's motion. Wells Fargo represented that, aside from its assertion of its right to a set-off, it does not take any position with respect to the claims asserted against Defendants' funds. (Aug. 13, 2025 ECF Min. Entry & Order.) Plaintiff represented that it does not oppose Wells Fargo's right to a set-off. (*Id.*) In light of the parties' filings and the representations made on the record, the Court directed Plaintiff to submit a revised proposed turnover order acknowledging Wells Fargo's set-off by August 13, 2025. (*Id.*) Plaintiff filed the proposed order that same day. (Proposed Order, ECF No. 65.)

2

## DISCUSSION

### I. Legal Standard

Federal courts may grant turnover motions against a non-party garnishee under C.P.L.R. § 5225(b) where the court has personal jurisdiction over the garnishee. *See, e.g.*, *CSX Transp. Inc., v. Island Rail Terminal, Inc.*, 879 F.3d 462, 469–70 (2d Cir. 2018); *LaBarbera v. Audax Constr. Corp.*, 971 F. Supp. 2d 273, 281–82 (E.D.N.Y. 2013). In order to enforce a turnover order, a creditor party must show (1) that "the judgment debtor has an interest in the property the creditor seeks to reach," and (2) either that the judgment debtor is entitled to possession of the property or that the judgment creditor's rights to the property "are superior to those of the party in whose possession it is." *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991) (quotation marks omitted). The creditor must also show that the entity being targeted by the turnover order has "actual, not merely constructive, possession or custody of the assets sought." *Commonwealth of N. Mariana Islands v. Canadian Imperial Bank of Com.*, 21 N.Y.3d 55, 57 (2013). "Only after both steps of the analysis are demonstrated may the trial court order the transferee to turn over the property to the judgment creditor." *Beauvais*, 942 F.3d at 840–41.

### II. Analysis

Plaintiff is entitled to a turnover order. First, as indicated by Wells Fargo's appearance in the case, Wells Fargo received sufficient notice such that the Court has personal jurisdiction over the garnishee.[1] *See CSX Transp.*, 879 F.3d at 469–70; *LaBarbera*,

---

[1] Since formally appearing in the case, Wells Fargo has not made any objections regarding personal jurisdiction. The Court may therefore find any personal jurisdiction arguments as to Wells Fargo waived. *See, e.g.*, *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705 (1982) ("Thus, the failure to enter a timely objection to personal jurisdiction constitutes, under Rule 12(h)(1), a waiver of the objection.").

971 F. Supp. 2d at 281–82. Second, Plaintiff's motion and Wells Fargo's response sufficiently demonstrate that Defendants have "an interest" in and are entitled to possession of the aforementioned funds, such that the Court may "order the transferee to turn over the property to the judgment creditor." *Beauvais*, 942 F.2d at 840–41. (*See* Pl.'s Mem., ECF No. 60, at 3 (noting that "but for the restraint in place due to the Connecticut prejudgment Writ of Attachment, the Judgment debtors would have access to the funds held in the accounts at Wells Fargo Bank, N.A., and, by extension, would be entitled to possession of the funds"); *see also* Connecticut Writ of Attachment Documents, ECF No. 37-2; *id.* at ECF pp. 45–47 (indicating service of writ of attachment by the Connecticut State Marshal on Wells Fargo on January 9, 2023); Wells Fargo Response, ECF No. 62, at 1 (acknowledging that Wells Fargo is restraining the aforementioned funds "in accounts maintained in the name of the defendants as the result of" the Connecticut Writ of Attachment); Wells Fargo Response Ex. 1, ECF No. 62-1 (Wells Fargo account statement).) Further, Plaintiff does not oppose Wells Fargo's right to a set-off, a claim not challenged by Plaintiff. The Court therefore finds that Plaintiff is entitled to a turnover order.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for a turnover order (ECF No. 59) is granted and the proposed order (ECF No. 65) shall be entered.

**SO ORDERED.**

Dated: Brooklyn, New York
August 13, 2025

                                                   *Taryn A. Merkl*
                                         TARYN A. MERKL
                                         UNITED STATES MAGISTRATE JUDGE